IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JERRY PRICE, et al.

           Plaintiffs,

v.                                CIVIL ACTION NO. 2:11-cv-00628

GANNETT CO., et al.

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss [Docket 1]. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

*I. BACKGROUND*

This case arises from the allegedly unlawful actions of Defendants Gannett Co., Inc. ("Gannett") and Topix, LLC ("Topix"). Plaintiffs allege that Gannett is the parent company of Topix, a company that operates websites with local forum discussion pages. Plaintiffs allege that "unknown posters" have posted defamatory statements about them on Topix's website after their son's death.[1]

---

[1] The "unknown posters" have never been served with the complaint in this matter. Pursuant to Federal Rule of Civil Procedure 4(m), these Defendants are **DISMISSED**.

On August 19, 2011, Plaintiff filed a complaint in the Circuit Court of Logan County, West Virginia, asserting three counts: "defamation/libel," "intentional infliction of emotional distress," and "vicarious liability." Defendants filed a notice of removal on September 16, 2011, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Plaintiffs did not respond to the motion to dismiss. The Court stayed the action on December 8, 2011, pending a ruling on the motion to dismiss. Accordingly, the Court **LIFTS** the stay in this case.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint or pleading. Defendants' motions to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This

2

"facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

### III. DISCUSSION

Defendants argue that Plaintiffs have failed to state a claim because Defendants are immune from suit under the Communications Decency Act of 1996 ("CDA"). The CDA provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).[2] Further, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." § 230(d)(3). "By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). Section 230 "bar[s]

---

[2] "Interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." *Id.* at § 230(f)(2). An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." *Id.* at § 230(f)(3).

3

state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (citation omitted). Defendants assert that Topix is an "interactive computer service" under the CDA, and therefore, immune from suit.

Defendants argue that the complaint establishes that Topix is an "interactive computer service" under the CDA because the complaint states: "The unknown individuals have utilized the website made available by the Topix Defendants to publish their defamatory statements about Plaintiffs." (Docket 2 at 5 (quoting Docket 3-1 at 5).) The complaint further states that the Topix Defendants provided "the medium" for the unknown individuals to "publish" their statements on the Topix website. (Docket 3-1 at 7.) Plaintiffs also refer to Topix as the "curator" of the information published on the website. (*Id.* at 8.)

To obtain § 230 immunity, three elements are required. "First, the defendant must be a provider or user of an 'interactive computer service.' Second, the asserted claims must treat the defendant as a publisher or speaker of information. Third, the challenged communication must be 'information provided by another information content provider.'" *DiMeo v. Max*, 433 F.Supp.2d 523, 529 (E.D. Pa. 2006). Plaintiffs have alleged all three elements in their complaint as Topix is a website where users post comments. Plaintiffs have admitted in the complaint that the unknown individuals provided the statements, not Topix. It is also clear that Plaintiffs are treating Topix as the publisher. Accordingly, § 230 provides immunity for Topix from the state-law tort claims alleged in the complaint, and the

4

Court **DISMISSES** Plaintiffs' claims with prejudice under Rule 12(c) of the Federal Rules of Civil Procedure.[3]

### *V. CONCLUSION*

For the reasons set forth above, Defendants' Motion to Dismiss [Docket 1] is **GRANTED.** The Court **DISMISSES** Plaintiffs' complaint and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 1, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Although Defendants moved to dismiss Plaintiffs' claims based on Rule 12(b)(6), the Court may construe such a motion for judgment on the pleadings under Rule 12(c). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).